United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY CHEROTTI,

Plaintiff,

v.

EXPHAND, INC., et al.,

Defendants.

Case No. 24-mc-80148-KAW

**ORDER DENYING MOTION FOR SANCTIONS; ORDERING DISCOVERY; GRANTING MOTION FOR JUDGMENT DEBTOR EXAM**

Re: Dkt. Nos. 18, 19

On August 29, 2023, judgment was entered in favor of Plaintiff Timohy Cherotti and against Defendants expHand, Inc. and Frank Nemirofsky in the amount of $1,675,664.41. (Dkt. No. 1.) Pending before the Court are: (1) Plaintiff's motion for sanctions for failure to comply with post-judgment discovery obligations, and (2) Plaintiff's motion for a judgment debtor exam as to Defendant Nemirofsky, both individually and in his capacity as director and officer of Defendant expHand, Inc. (Mot. for Sanctions, Dkt. No. 18; Mot. for Judgment Debtor Exam, Dkt. No. 19.) Both motions are unopposed.

The Court previously found these matters suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 26.) Having considered the filings and the relevant legal authorities, the Court DENIES Plaintiff's motion for sanctions, ORDERS Defendant Nemirofsky to produce responsive documents, and GRANTS Plaintiff's motion for a judgment debtor exam.

## I. BACKGROUND

On June 13, 2024, Plaintiff registered a $1,675,664.41 judgment against Defendants. (Dkt. No. 1.) On September 4, 2025, Plaintiff filed a motion for a judgment debtor exam as to Defendant Nemirofsky. (Dkt. No. 5.) After Defendants failed to oppose, the Court granted the

motion for a judgment debtor exam and ordered Defendant Nemirofsky to appear and furnish the requested information. (Dkt. No. 10.)

Although Defendant Nemirofsky appeared for the January 16, 2026 judgment debtor exam, he failed to produce responsive documents. (*See* Dkt. No. 15.) Thus, the judgment debtor exam was not held, and the Court ordered the parties to meet and confer to discuss a production schedule. (Dkt. No. 15.)

During the meet and confer, Defendant Nemirofsky agreed to produce responsive documents by February 16, 2026. (Greenbaum Decl. ¶ 6, Dkt. No. 18.) Plaintiff prepared a joint stipulation memorializing the parties' agreement, but the joint stipulation was never signed by Defendant. (Greenbaum Decl. ¶¶ 7-8.) To date, Defendants have not produced any documents or otherwise complied with post-judgment discovery despite Plaintiff's repeated attempts to resolve the matter without court intervention. (Greenbaum Decl. ¶¶ 9, 11-15, 17-20.)

On August 20, 2026, Plaintiff filed this motion for sanctions. On August 21, 2026, Plaintiff filed this motion for a judgment debtor exam. Although both motions were served on Defendants, Defendants have not filed an opposition to either motion. (*See* Dkt. Nos. 21, 23.)

## II. DISCUSSION

Plaintiff seeks sanctions, namely: (1) monetary sanctions of $13,315.00, (2) production of all responsive post-judgment discovery within ten days, (3) a sworn declaration regarding the completeness of the search and production, and (4) an appearance at a continued judgment debtor exam. (Mot. for Sanctions at 4.) Plaintiff appears to seek sanctions pursuant to Federal Rules of Civil Procedure 69(a)(2) and 37(b). (*See id.* at 11-13.) Rule 69(a)(2) authorizes a judgment creditor to obtain discovery in aid of a judgment or execution. In turn, Rule 37(b) provides that when a party "fails to obey an order to provide or permit discovery," the court may order sanctions. Further, Rule 37(b)(2)(C) requires that the court order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

It is not apparent that this case warrants sanctions pursuant to either Rule 69(a)(2) or Rule 37(b). Rule 69(a)(2) simply authorizes discovery; it does not warrant sanctions. As to Rule 37(b),

sanctions are authorized when a party fails to obey a discovery order. Yet Plaintiff does not point to a discovery order; instead, Plaintiff appears to focus on Defendant's agreement to produce responsive documents by February 16, 2026, but acknowledges that this agreement was never formalized in either a stipulation or through a court order. (*See* Mot. for Sanctions at 13.) Further, Plaintiff never moved to compel the required documents pursuant to the parties' agreement, instead filing this motion for sanctions.[1] Accordingly, the Court DENIES Plaintiff's motion for sanctions.[2]

That said, the Court does not ignore Defendant Nemirofsky's failure to comply with his discovery obligations. Accordingly, the Court ORDERS Defendant Nemirofsky to produce responsive documents within **fourteen days** of being served with this order. With his document production, Defendant Nemirofsky shall also provide a declaration, under penalty of perjury, stating that he has produced all materials that are locatable after a diligent search of all locations at which such materials might plausibly exist.

Additionally, the Court GRANTS Plaintiff's motion for a judgment debtor exam, and ORDERS Defendant Nemirofsky to appear for a judgment debtor exam on **November 19, 2026,** at **1:30 p.m.** in Courtroom 4 at 1301 Clay Street, Oakland, California, 94612. Defendant Nemirofsky shall appear and furnish testimony to aid in enforcement of the money judgment issued in this case. The parties are advised that they are responsible for hiring a court reporter for the proceeding, and the district court will not assist them in procuring one.

---

[1] Plaintiff does not point to the order granting the motion for a judgment debtor exam, nor is it clear that this order could serve as the basis for Rule 37 sanctions given that Defendant Nemirofsky did appear and subsequently participated in the Court-ordered meet and confer.

[2] The Court notes that in any case, the Court was not inclined to award monetary sanctions because Plaintiff provided no information to justify the requested hourly rates. *See Johnson v. Autozone, Inc.*, No. 17-cv-02941-PJH, 2019 U.S. Dist. LEXIS 90116, at *14 (N.D. Cal. May 29, 2019) (declining to award attorney's fees where counsel provided no information about the qualifications of the biller, thus failing to meet their burden of justifying the billing rate at any amount); *Shaw v. Kelley*, No. 16-cv-03768-VKD, 2019 U.S. Dist. LEXIS 179680, at *5 n.3 (N.D. Cal. Oct. 11, 2019) (same). Moreover, a review of the billing record demonstrates significant overbilling, including four hours to draft the one-page notice of motion (separate from the motion itself), almost ten hours to draft a 3.5-page declaration and prepare seven exhibits, and 9.5 hours to "revise" the motion (separate from the 6.8 hours to draft the motion and two hours to "review" the motion).

United States District Court
Northern District of California

Defendant Nemirofsky is warned that failure to comply with this order in full may result in the imposition of sanctions against him, including the award of reasonable attorney's fees and costs incurred by Plaintiff.

Plaintiff shall serve this order on Defendant Nemirofsky and file a certificate of service within five days of the date of this order.

IT IS SO ORDERED.

Dated: October 21, 2026

KANDIS A. WESTMORE
United States Magistrate Judge